JOSEPH LEWIS, *Plaintiff in Error,* v. GLOBE & RUTGERS FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, *Defendant in Error.*

Division B.

Opinion filed June 30, 1930.

*Caraballo, Graham & Cosio,* for Plaintiff in Error;

*Knight, Thompson & Turner,* for Defendant in Error.

BUFORD, J.—This was a suit on what is known as a Commercial Travelers' Policy of Insurance. The policy described Joseph Lewis, S. 46 Hudson St., Boston, Mass., as the assured and insured the merchandise consisting of "laces and embroideries and ladies' wearing apparel in charge or control of assured traveling in behalf of the assured against any and all the risks and perils of fire, lightning, navigation and transportation (except as hereinafter provided) while in the custody of any railroad, express, transfer and/or transportation company and/or of any steamship or steamboat, and against loss or damage by fire or lightning in any hotel, dwelling, and/or business building, except theatres and opera houses." The policy contained the following clause: "This policy does not cover in any business premises of assured or on exhibition or on memorandum or where assured carries specific or other insurance."

The assured had the goods which were destroyed or damaged by fire in a certain room in the Tampa Bay Hotel, which room the evidence shows conclusively was used by the assured as a retail sales room during the tourist season ending April, 1927. The fire occurred on the 11th day of April, immediately after the close of the tourist season.

It appears to us that the evidence shows that the assured was an itinerant merchant and was not a traveling salesman in any sense. For some eight or nine years it had been his practice to go to the Tampa Bay Hotel with a stock of goods at about the opening of the tourist season and remain there selling at retail until the close of the season. It is true that the evidence shows that sometimes, and probably to a large extent, he transacted his business by showing a sample and taking an order for a duplicate of the sample to be shipped to the customer at the customer's home address, but the evidence further shows that when he took these orders there was no particular place from which he would order the goods shipped. When asked the question, from whom he would order the goods, his reply was: ''From different firms in New York.''

The evidence further shows that the assured transacted business in like manner at different places in the United States, making it a practice to follow up the crowds or the tourist season as they occurred at different places.

The second, third and fourth pleas plead the provision of the policy that ''This policy does not cover in any business premises of assured or on exhibition or on memorandum or where assured carries specific or other insurance.''

The defendant by the overwhelming weight of evidence sustained its second, third and fourth pleas in that it showed conclusively that the fire occurred in the business premises of the assured. The room in the Tampa Bay Hotel used and occupied by the assured as a retail sales room was just as much the ''business premises of assured'' as if he had rented a separate and distinct store building suitable only for that purpose and used it for no other purpose. The policy sued on in this case did not purport to cover loss under such conditions.

At the close of the testimony the court directed a verdict in favor of the defendant and, thereupon, judgment was entered.

For the reasons stated above, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.